UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

VERN RAMON LOCKRIDGE,

   Plaintiff,

v.

ERIE COUNTY MEDICAL CENTER,

   Defendant.

18-CV-815
DECISION AND ORDER

---

The pro se plaintiff, Vern Ramon Lockridge, has filed a complaint against Erie County Medical Center ("ECMC") asserting claims for medical malpractice, defamation, and violations of the First Amendment. Docket Item 1. In addition, Lockridge has moved to proceed in forma pauperis (that is, as someone who should have the prepayment of the ordinary filing fee waived because he cannot afford it), Docket Item 3, and he has asked the Court to appoint counsel for him, Docket Item 4.

Because Lockridge meets the statutory requirements to proceed in forma pauperis under 28 U.S.C. § 1915(a), his request is granted. As a result, the Court has screened the complaint under 28 U.S.C. § 1915(e). For the reasons that follow, Lockridge's claims are dismissed, and his motion to appoint counsel is denied as moot.

## DISCUSSION

### I. IN FORMA PAUPERIS

A party seeking to bring a civil action in federal court ordinarily is required to pay a $350 filing fee, 28 U.S.C. § 1914, and an additional administrative fee of $50. *See Wagoner v. Ciocca*, 2016 WL 5720827, at *1 (W.D.N.Y. Sept. 30, 2016). But a litigant

may ask to avoid the payments by moving for leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1).

The court evaluates a litigant's financial status to determine whether he or she is eligible to proceed in forma pauperis under § 1915(a).[1] To be eligible, an applicant must complete an affidavit demonstrating that he or she meets the requirements of § 1915(a). More specifically, applicants are not required to "demonstrate absolute destitution," *Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983), but must establish that they cannot afford to pay for both the necessities of life and the costs of litigation, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Because Lockridge meets the statutory requirements of 28 U.S.C. § 1915(a), *see* Docket Item 3, he is granted permission to proceed in forma pauperis. Therefore, under 28 U.S.C. § 1915(e)(2)(B), this Court screens the complaint.

## II. SCREENING THE COMPLAINT

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Under § 1915, the court "shall dismiss the case at any time if the court determines that [it] . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

---

[1] 28 U.S.C. § 1915 addresses leave to proceed in forma pauperis. That section's requirement that "the prisoner" provide a statement of all assets that he or she possesses does not preclude non-prisoners from proceeding in forma pauperis in federal court. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275-76 (6th Cir. 1997). "Only prisoners, however, have the additional requirement of filing a prison trust account" statement under 28 U.S.C. § 1915(a)(2). *Id.* at 277.

2

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The settled rule is that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Flores v. S. Peru Copper Corp.*, 343 F.3d 140, 148 (2d Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). But leave to amend a complaint should be denied if any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the complaint, the court must accept all the plaintiff's factual allegations as true and draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted)).

### A. The Complaint's Allegations

A liberal reading of the complaint here tells the following story. On December 27, 2017, Lockridge was admitted to ECMC for "severe frost bite that occurred from an arm[ed] robbery that was inflicted against [him]." Docket Item 1 at 6, 8. While in ECMC's care, "certain employees treated [him] unfair[ly]." *Id.*

During his stay, Lockridge "reported $10,600 to the hospital property safe department who stor[ed] the mentioned amount." *Id.* When he was discharged, however, he "went to the hospital property safe department to retrieve the money and a total of $450.00 was reported to be missing." *Id.* The hospital filed a police report,

3

which falsely stated that Lockridge had "admitted to be[ing] verbally combative with ECMC staff." *Id.*

Lockridge was then transferred to Buffalo General Hospital. *Id.* at 7. A doctor mentioned that ECMC had reported that Lockridge "had left the hospital and went to consume alcohol beverages." *Id.* Although the doctor allowed Lockridge to review ECMC's written remarks, the doctor refused Lockridge's request for a copy of the statement and instead "stated [that Lockridge] must go through their hospital procedure." *Id.* Lockridge used that procedure to request the records on July 14, 2018. *Id.*

At an unidentified later date, Lockridge was x-rayed at St. Joseph Hospital in Tampa, Florida. *Id.* The x-ray revealed a "1cm metallic needle" that had been "overlooked by ECMC's frost bite surgeons." *Id.*

### B. Analysis

#### 1. First Amendment Claim

Lockridge contends that 28 U.S.C. § 4101 "constructively demonstrates that ECMC staff violated [the] first amendment of the U.S. Constitution by slandering [him] while in their care." *Id.* at 7. As an initial matter, 28 U.S.C. § 4101—which defines terms used in the chapter of the United States Code on foreign judgments—does not apply to this case. Moreover, although "[t]he right of freedom of thought protected by the First Amendment against state action includes both the right to speak freely and the right to refrain from speaking at all," *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (quoting *Wooley v. Maynard*, 430 U.S. 705, 714 (1977)), it does not include protection from slander or the right to prevent others from making false statements. On

4

the contrary, the Supreme Court has held that the First Amendment places "restrictions . . . upon the common law of defamation." *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 778 (1986); *see also Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974); *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964).

Lockridge has not raised a viable First Amendment claim, nor has he suggested any fact that might possibly give rise to such a claim. His First Amendment claim is therefore dismissed with prejudice, and leave to amend his complaint is denied as futile.

### 2. State-Law Tort Claims

Lockridge's complaint also raises state-law tort-based claims for negligence, medical malpractice, and defamation. Federal courts sometimes have the power to hear such claims between citizens of different states. *See* U.S. Const. Art. III, § 2; 28 U.S.C. § 1332. Here, however, the complaint alleges facts demonstrating that both Lockridge and ECMC are New York residents, Docket Item 1 at 1-2, and pleads that a federal question—not diversity of citizenship—is the basis for this Court's subject-matter jurisdiction, *id.* at 3. Although Lockridge cites a federal statute, 38 U.S.C. § 7316, in support of his malpractice and negligence claims, that statute applies only to claims against the Veterans Health Administration; thus, it does not apply to his case. Without diversity or a valid federal claim, this Court is without jurisdiction to hear Lockridge's state-law tort claims. Therefore, they are dismissed, and leave to amend his complaint to address this deficiency is denied as futile.

### III. MOTION TO APPOINT COUNSEL

Because this Court lacks subject-matter jurisdiction over Lockridge's claim, his request for counsel is denied as moot.

5

## CONCLUSION

Lockridge has met the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required affidavit. The Court therefore grants his request to proceed in forma pauperis.

For the reasons stated above, however, none of his claims are legally sufficient to proceed, and the Court has found that amendment to his complaint would be futile. Therefore, Lockridge's complaint is dismissed, and the Clerk of Court shall close this case.

## ORDER

IT HEREBY IS ORDERED that the plaintiff's motion to proceed in forma pauperis, Docket Item 3, is GRANTED; and it is further

ORDERED that Lockridge's First Amendment claim is dismissed with prejudice; and it is further

ORDERED that Lockridge's claims for negligence, medical malpractice, and defamation are dismissed without prejudice to his filing these claims in the appropriate state court; and it is further

ORDERED that the Clerk of Court shall close this case; and it is further

ORDERED that Lockridge's motion to appoint counsel, Docket Item 4, is DENIED as moot; and it is further

ORDERED that this Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S.

438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:    November 5, 2019
          Buffalo, New York

                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE